IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **SYMBOLY INNOVATIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**DEXCOM, INC.,**<br><br>Defendant. | **CASE NO. 2:23-CV-00473-JRG**<br><br>**JURY TRIAL DEMANDED** |

**THE DEXCOM INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

The DexCom, Inc. ("Defendant" or "DexCom") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations LLC's ("Plaintiff" or "Symbology") Complaint filed on October 5, 2023 (Dkt. No. 1) ("Complaint"). DexCom denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. DexCom admits that it is a Delaware corporation with its principal place of business at 6340 Sequence Drive, San Diego, CA 92121. DexCom denies any remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     DexCom admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 3 of the Complaint.

4.     DexCom admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of patents, but DexCom denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. DexCom denies any remaining allegations in Paragraph 4 of the Complaint.

5.     DexCom does not contest that venue may be proper in this District in this action, but denies venue is convenient. DexCom denies it has committed or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 5 of the Complaint.

6.     DexCom does not contest whether personal jurisdiction over it properly lies in this District in this action, or that it conducts business in the State of Texas. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 6 of the Complaint.

## PATENTS-IN-SUIT

7.     DexCom admits that purported copies of U.S. Patent Nos. 7,992,773 (the "'773 Patent), 8,424,752 (the "'752 Patent"), 8,651,369 ("the '369 Patent"), and 8,936,190 (the "'190 Patent") (collectively the "Patents-in-Suit") are attached to the Complaint as Exhibits A through D. DexCom is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies the remaining allegations in Paragraph 7 of the Complaint.

8. DexCom denies the allegations in Paragraph 8 of the Complaint.

9. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint do not require an answer from DexCom.

11. The allegations in Paragraph 11 of the Complaint do not require an answer from DexCom.

12. DexCom admits that the '773 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '773 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 12 of the Complaint.

13. DexCom denies the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint do not require an answer from DexCom.

15. DexCom admits that the '752 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '752 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 15 of the Complaint.

16. DexCom denies the allegations in Paragraph 16 of the Complaint.

17. The allegation in Paragraph 17 of the Complaint do not require an answer from DexCom.

18.     DexCom admits that the '369 Patent speaks for itself but denies any characterizations inconsistent therewith and denies that the '369 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 18 of the Complaint.

19.     DexCom denies the allegations in Paragraph 19 of the Complaint.

20.     The allegations in Paragraph 20 of the Complaint do not require an answer from DexCom.

21.     DexCom admits that the Patents-in-Suit speak for themselves. DexCom denies any characterizations inconsistent therewith and denies that the Patents-in-Suit constitute an invention and, on that basis, denies any remaining allegations in Paragraph 21 of the Complaint.

22.     DexCom admits that the Patents-in-Suit speak for themselves. DexCom denies any characterizations inconsistent therewith and denies that the Patents-in-Suit constitute an invention and, on that basis, denies any remaining allegations in Paragraph 22 of the Complaint.

23.     DexCom denies the allegations in Paragraph 23 of the Complaint.

24.     DexCom denies the allegations in Paragraph 24 of the Complaint.

25.     DexCom denies the allegations in Paragraph 25 of the Complaint.

26.     DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies the allegations in Paragraph 26 of the Complaint.

27.     DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies the allegations in Paragraph 27 of the Complaint.

28.     DexCom denies the allegations in Paragraph 28 of the Complaint.

29.     DexCom denies the allegations in Paragraph 29 of the Complaint.

30. DexCom admits that the '773 Patent speaks for itself. DexCom denies any characterizations inconsistent therewith and denies that the '773 Patent constitutes an invention and, on that basis, denies any remaining allegations in Paragraph 30 of the Complaint.

31. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies the allegations in Paragraph 31 of the Complaint.

32. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, on that basis, denies the allegations in Paragraph 32 of the Complaint.

33. DexCom denies the allegations in Paragraph 33 of the Complaint.

34. DexCom denies the allegations in Paragraph 34 of the Complaint.

35. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, denies the allegations in Paragraph 35 of the Complaint.

36. DexCom is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies the allegations in Paragraph 36 of the Complaint.

37. DexCom denies the allegations in Paragraph 37 of the Complaint.

38. DexCom denies the allegations in Paragraph 38 of the Complaint.

39. DexCom admits that the Patents-in-Suit speak for themselves. DexCom denies any characterizations inconsistent therewith and, on that basis, denies any remaining allegations in Paragraph 39 of the Complaint.

**ACCUSED INSTRUMENTALITIES**

40.     DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the allegations of Paragraph 40 of the Complaint.

**COUNT ONE**

**([Alleged] Infringement of United States Patent No. 8,424,752)**

41.     Dexcom incorporates paragraphs 1 through 40 by reference.

42.     DexCom admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 42 of the Complaint.

43.     DexCom denies it has committed and/or is committing acts of infringement within the in the U.S., within the State of Texas, or in this District and, on that basis, denies the allegations of Paragraph 43 of the Complaint.

44.     DexCom denies the allegations in Paragraph 44 of the Complaint.

45.     DexCom denies the allegations in Paragraph 45 of the Complaint.

46.     DexCom denies the allegations in Paragraph 46 of the Complaint.

47.     DexCom denies the allegations in Paragraph 47 of the Complaint.

48.     DexCom denies the allegations in Paragraph 48 of the Complaint.

49.     DexCom denies the allegations in Paragraph 49 of the Complaint.

50.     DexCom denies the allegations in Paragraph 50 of the Complaint.

51.     DexCom denies the allegations in Paragraph 51 of the Complaint.

52. DexCom admits that a purported copy of the '752 Patent is attached to the Complaint as Exhibit B and it is titled "System and method for presenting information about an object on a portable electronic device."

53. DexCom denies the allegations in Paragraph 53 of the Complaint.

54. DexCom denies the allegations in Paragraph 54 of the Complaint.

55. DexCom denies the allegations in Paragraph 55 of the Complaint.

56. DexCom denies the allegations in Paragraph 56 of the Complaint.

57. DexCom denies the allegations in Paragraph 57 of the Complaint.

## COUNT TWO

## ([Alleged] Infringement of United States Patent No. 8,651,369)

58. DexCom incorporates by reference Paragraphs 1–57 above.

59. DexCom admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 59 of the Complaint.

60. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the allegations of Paragraph 60 of the Complaint.

61. DexCom denies the allegations in Paragraph 61 of the Complaint.

62. DexCom denies the allegations in Paragraph 62 of the Complaint.

63. DexCom denies the allegations in Paragraph 63 of the Complaint.

64. DexCom denies the allegations in Paragraph 64 of the Complaint.

65. DexCom denies the allegations in Paragraph 65 of the Complaint.

66. DexCom denies the allegations in Paragraph 66 of the Complaint.

67. DexCom denies the allegations in Paragraph 67 of the Complaint.

68. DexCom denies the allegations in Paragraph 68 of the Complaint.

69. DexCom admits that a purported copy of the '369 Patent is attached to the Complaint as Exhibit C and it is titled "System and method for presenting information about an object on a portable electronic device."

70. DexCom denies the allegations in Paragraph 70 of the Complaint.

71. DexCom denies the allegations in Paragraph 71 of the Complaint.

72. DexCom denies the allegations in Paragraph 72 of the Complaint.

73. DexCom denies the allegations in Paragraph 73 of the Complaint.

74. DexCom denies the allegations in Paragraph 74 of the Complaint.

## COUNT THREE

### ([Alleged] Infringement of United States Patent No. 8,936,190)

75. DexCom incorporates by reference Paragraphs 1–74 above.

76. DexCom admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations of Paragraph 76 of the Complaint.

77. DexCom denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the allegations of Paragraph 77 of the Complaint.

78. DexCom denies the allegations in Paragraph 78 of the Complaint.

79. DexCom denies the allegations in Paragraph 79 of the Complaint.

80. DexCom denies the allegations in Paragraph 80 of the Complaint.

81. DexCom denies the allegations in Paragraph 81 of the Complaint.

82. DexCom denies the allegations in Paragraph 82 of the Complaint.

83. DexCom denies the allegations in Paragraph 83 of the Complaint.

84. DexCom denies the allegations in Paragraph 84 of the Complaint.

85. DexCom denies the allegations in Paragraph 85 of the Complaint.

86. DexCom admits that a purported copy of the '190 Patent is attached to the Complaint as Exhibit D and it is titled "System and method for presenting information about an object on a portable electronic device."

87. DexCom denies the allegations in Paragraph 87 of the Complaint.

88. DexCom denies the allegations in Paragraph 88 of the Complaint.

89. DexCom denies the allegations in Paragraph 89 of the Complaint.

90. DexCom denies the allegations in Paragraph 90 of the Complaint.

91. DexCom denies the allegations in Paragraph 91 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

92. DexCom is not required to provide a response to Plaintiff's demand for a jury trial.

## [PLAINTIFF'S] PRAYER FOR RELIEF

DexCom denies that Plaintiff is entitled to any relief from DexCom and denies all the allegations contained in Paragraphs (a)-(d) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

DexCom's Affirmative Defenses are listed below. DexCom reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

### FIRST AFFIRMATIVE DEFENSE

DexCom has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that DexCom's actions allegedly infringe the Patents-in-Suit, DexCom is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that DexCom indirectly infringes, either by contributory infringement or inducement of infringement, DexCom is not liable to Plaintiff for the acts alleged to have been performed before DexCom knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by DexCom.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that DexCom makes, uses, or sells each claimed element of any asserted claim, or that DexCom directs or controls another entity to make, use, or sell any element that is not made, used, or sold by DexCom.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit do not claim patentable subject matter under 35 U.S.C. § 101.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by DexCom: (1) captures a digital image; (2) detects symbology associated with an object within the digital image; (3) decodes the symbology to obtain a decode string; (4) sends the decode string to a remote server for processing; (5) receives information about the object from the remote server wherein the information is based on the decode string of the object; and/or (6) displays the information on a display device associated with the portable electronic device.

## **TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for willful infringement, Plaintiff has failed to state a claim upon which relief can be granted.

## DEXCOM'S COUNTERCLAIMS

For its counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiff DexCom, Inc. ("DexCom") alleges as follows:

1. Counterclaim Plaintiff DexCom is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6340 Sequence Drive, San Diego, CA 92121.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Symbology is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida 33301.

## JURISDICTION

3. DexCom incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Symbology has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT AS TO THE PATENTS-IN-SUIT

7. DexCom incorporates by reference Paragraphs 1–6 above.

8. Based on Symbology's filing of this action and at least DexCom's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether DexCom infringes U.S. Patent Nos. 7,992,773 (the "'773 Patent"), 8,424,752 (the "'752 Patent"), 8,651,369 (the "'369 Patent"), or 8,936,190 (the "'190 Patent") (collectively the "Patents-in-Suit").

9. DexCom does not infringe at least Claim 1 of the Patents-in-Suit because, among other things, it does not "use" or "test" any method or system that: (i) captures a digital image, (ii) detects symbology associated with an object within the digital image, (iii) decodes the symbology to obtain a decode string, (iv) sends the decode string to a remote server for processing, (v) receives information about the digital image from the remote server wherein the information is based on the decode string, and/or (vi) displays the information on a display device associated with the electronic device.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., DexCom requests a declaration by the Court that DexCom has not infringed and does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY AS TO THE PATENTS-IN-SUIT

11. DexCom incorporates by reference Paragraphs 1–10 above.

12. Based on Symbology's filing of this action and at least DexCom's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

13. The asserted claims of the Patents-in-Suit are anticipated and/or rendered obvious by, inter alia, BarPoint.com; Neomedia's Neo Reader; Microsoft's Smart Tags; Android's Shop

Savvy; Red Laser; ScanBuy; U.S. Serial No. 60/118,051; U.S. Serial No. 60/187,646; U.S. Serial No. 60/185,546; U.S. Patent Application 2008/0004978; U.S. Patent No. 6,430,554; and/or U.S. Patent No. 6,651,053.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., DexCom requests a declaration by the Court that claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, DexCom asks this Court to enter judgment in DexCom's favor and against Symbology by granting the following relief:

a) a declaration that the Patents-in-Suit are invalid;

b) a declaration that DexCom does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c) a declaration that Symbology take nothing by its Complaint;

d) judgment against Symbology and in favor of DexCom;

e) dismissal of the Complaint with prejudice;

f) a finding that this action is an exceptional case under 35 U.S.C. § 285 and an award to DexCom of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

DexCom hereby demands trial by jury on all issues.

Dated: October 27, 2023                             Respectfully submitted,

                                                    */s/ Neil J. McNabnay*
                                                    Neil J. McNabnay
                                                    Texas Bar No. 24002583
                                                    Ricardo J. Bonilla
                                                    Texas Bar No. 24082704
                                                    Rodeen Talebi
                                                    Texas Bar No. 24103958
                                                    Sarika Patel
                                                    Texas Bar No. 24073520
                                                    Alexander H. Martin
                                                    Texas Bar No. 24091828
                                                    mcnabnay@fr.com
                                                    rbonilla@fr.com
                                                    talebi@fr.com
                                                    patel@fr.com
                                                    **FISH & RICHARDSON P.C.**
                                                    1717 Main Street, Suite 5000
                                                    Dallas, Texas 75201
                                                    (214) 747-5070 (Telephone)
                                                    (214) 747-2091 (Facsimile)

                                                    **ATTORNEYS FOR DEFENDANT DEXCOM, INC.**

16

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy has been electronically filed using the CM/ECF filing system on October 27, 2023, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system.

                                            */s/ Neil J. McNabnay*
                                            Neil J. McNabnay