# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

## STANDING ORDER REGARDING SUBJECT MATTER ELIGIBILITY CONTENTIONS APPLICABLE TO ALL PATENT INFRINGEMENT CASES ASSIGNED TO CHIEF DISTRICT JUDGE RODNEY GILSTRAP

(a) No later than 45 days after receiving service of the "Disclosure of Asserted Claims and Infringement Contentions," each party alleging that any asserted claim does not qualify as patent-eligible subject matter ("Challenged Claim") shall serve on all parties its "Eligibility Contentions," which must contain the following information:

> (1) A chart identifying each exception to eligibility (e.g., abstract idea, law of nature, and natural phenomenon) to which each Challenged Claim is directed and the factual and legal basis therefor. The chart shall also identify whether one or more of the Challenged Claims are representative of any other Challenged Claims.

> (2) A chart identifying the following:

>> (A) A description of the industry, at the relevant time, in which the Challenged Claims are alleged to be well understood, routine, and conventional, and the factual and legal basis therefor;

>> (B) A description of how each element of each Challenged Claim, both individually and in combination with the other elements of that claim, was:

>>> (i) well understood;

>>> (ii) routine; and

>>> (iii) conventional,

>> in the relevant industry at the relevant time, and the legal and factual basis therefor.

> (3) A chart identifying any other factual or legal basis for how the Challenged Claims are otherwise ineligible for patent protection.

(b) With the "Eligibility Contentions," the party alleging that any Challenged Claim does not qualify as patent-eligible subject matter must produce or make available for inspection and copying all materials upon which that party seeks to rely. Each patent shall be identified by its number, country of origin, and date of issue. Each publication must be identified by its title and where feasible, date of publication, author, and publisher. Evidence of public usage or sales shall be identified by specifying the item offered for sale or publicly used, or information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which

made the information known and to whom it was made known. All other materials that are alleged to show that the invention set forth in the Challenged Claims was otherwise available to the public, shall be identified by specifying the form and nature of the materials, the manner in which the materials were made public, and the date on which the materials were made public. To the extent any of the aforementioned materials are not in English, an English translation of the portion(s) relied upon must be produced.

(c) Each party's "Eligibility Contentions," shall be deemed to be that party's final contentions, except as set forth below. Not later than 50 days after service by the Court of its Claim Construction Ruling, each party may serve "Amended Eligibility Contentions" without leave of court, if:

> (1) a party claiming patent infringement has served "Amended Infringement Contentions" pursuant to P.R. 3-6(a), or

> (2) the party challenging subject-matter eligibility believes in good faith that the Court's Claim Construction Ruling so requires.

(d) Amendment or supplementation of any "Eligibility Contentions," other than as expressly permitted in section (c) of this Order, shall be made only upon leave of the Court, which shall not be granted except upon a showing of good cause.

(e) Unless otherwise expressly ordered in cases now pending, this Standing Order shall apply to all patent infringement cases filed before the Court on or after this date.

**So ORDERED and SIGNED this 25th day of July, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE