# Exhibit A



Fish & Richardson P.C.
1717 Main Street
Suite 5000
Dallas, TX 75201

214 747 5070 main
214 747 2091 fax

January 16, 2024

Rodeen Talebi
Associate
talebi@fr.com
+1 214 760 6150 direct

VIA CM/ECF

The Honorable Rodney Gilstrap, U.S.D.J.
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

Re:   *Symbology Innovations, LLC v. Dexcom, Inc.*, No. 2:23-CV-00473-JRG; Parties' Joint Letter Regarding Necessity of Prior Claim Construction to Decide Patent Eligibility Under 35 U.S.C. § 101

Dear Judge Gilstrap:

    Plaintiff Symbology Innovations Systems, LLC ("Symbology") and Defendant Dexcom, Inc. ("Dexcom") (collectively, the "Parties") respectfully submit this joint letter pursuant to the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101.

    A table listing the Asserted Patents and the Asserted Claims appears below.

| Asserted Patent | Asserted Claims | Count No. in Complaint (Dkt. 1) |
|---|---|---|
| U.S. Patent No. 8,424,752 ("the '752 Patent") | 1, 5, 7, 16, 24 | Count One |
| U.S. Patent No. 8,651,369 ("the '369 Patent") | 1, 5, 7, 16, 24 | Count Two |
| U.S. Patent No. 8,936,190 ("the '190 Patent") | 1, 5, 7, 16, 20 | Count Three |

Case 2:23-cv-00473-JRG   Document 12-1   Filed 01/16/24   Page 3 of 4 PageID #: 198



The Honorable Rodney Gilstrap
January 16, 2024
Page 2

## I. Plaintiff Symbology's Position

In addition to the claim construction issue noted herein, there are a plethora of factual disputes that preclude resolution of this matter at the pleading stage. *See Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. Feb. 2018) ("The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact that must be proven 'by clear and convincing evidence.'"). Specifically, Symbology contends that at least the following term must be construed prior to the Court ruling on Dexcom's motion to dismiss:

| Disputed Term/Phrase | Claim(s) in Which Term Appears |
|---|---|
| "one or more visual detection applications" | **Pat. No. 8,424,752**<br>1, 5, 24<br><br>**Pat. No. 8,651,369**<br>1, 5, 24<br><br>**Pat. No. 8,936,190**<br>1, 5, 20 |

The '752 Patent, the '369 Patent and the '190 Patent are continuations of the same parent application, which issued on August 9, 2011, as U.S. Patent No. 7,992,773 ("The Parent" or "'773 Patent") and is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." During the prosecution of the '773 Patent, the applicant narrowed Claim 1 of the '773 patent via claim amendment in response to an Office Action issued by the USPTO (*See* Symbology production, Bates Nos. SYM000083 and SYM000088 – SYM000096). As a result of applicant's amendment to Claim 1, every claim of the '773 Patent includes the limitation in which the "one or more visual detection applications" are configured to "run in the background," "automatically" decode "symbology" and send the decode string to another "visual detection application" residing on the portable device.

Importantly, during the prosecution of the Asserted Patents, applicant did not rescind the limitation requiring the visual detection to occur automatically and in the background. Additionally, the '773 Patent, the '752 Patent, the '369 Patent and the '190 Patent all contain the same language in the specifications as it relates to the "visual detection applications." Thus, Symbology's position is that the limitation in the Parent Patent applies to the phrase "visual detection applications" in the Asserted Patents, and a proper construction of this phrase is required in order to properly evaluate the merits of Dexcom's "abstract concept" arguments.



The Honorable Rodney Gilstrap
January 16, 2024
Page 3

### II. Defendant Dexcom's Position

This case is a candidate for dismissal at the pleading stage because it is apparent from the face of the patent that the asserted claims are directed to ineligible subject matter. *See Ultramercial, Inc. v. Hulu*, LLC, 772 F.3d 709, 718–19 (Fed. Cir. 2014) (Mayer, J., concurring). Such a case should be dismissed even before claim construction when there is no plausible construction that could confer eligibility. *See Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014) (citing *id.* at 714–15; *Bancorp Servs. L.L.C v. Sun Life Assur. Co.*, 687 F.3d 1266, 1273–74). Defendant's motion establishes that the asserted claims of the Patents-in-Suit are ineligible on their face, and there exists no plausible claim construction for any claim that would render the asserted claims eligible.

Defendant has made a prima facie case for patent ineligibility, and the burden now shifts to Symbology to demonstrate a genuine claim construction dispute that could affect the outcome. *See Jedi Techs., Inc. v. Spark Networks, Inc.*, No. CV 1:16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) (finding claim construction was not necessary where the plaintiff failed to identify any specific claims which, if scrutinized during claim construction, would impact the § 101 analysis, and granting motion to dismiss); *see also e.g., Voxathon LLC v. Alpine Elecs. of Am., Inc.*, No. 2:15-cv-562-JRG, 2016 WL 260350 at *4 (E.D. Tex. Jan. 21, 2016) (Gilstrap, C.J.) ("Since the proving of a negative is historically disfavored, once Defendants make a prima facie showing that an inventive concept is absent, it falls upon Voxathon to show that there is, in fact, an inventive concept actually present."). Symbology cannot do so, and therefore, this motion is ripe for consideration and should be granted.

Sincerely,

Rodeen Talebi
Rodeen Talebi
Counsel for Defendant Dexcom, Inc.

cc:     Counsel of Record                                                           VIA CM/ECF