| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 12/882,616 | ROTHSCHILD, LEIGH M. |
| | Examiner | Art Unit |
| | ALLYSON N. TRAIL | 2876 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is **FINAL**.     2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-21</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1,2,7,8,11-13 and 17</u> is/are rejected.
7) ☒ Claim(s) <u>3-6,9,10,14-16 and 18-21</u> is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>9/15/2010</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 12/882,616                                                                 Page 2
Art Unit: 2876

# DETAILED ACTION

## *Claim Rejections - 35 USC § 102*

1.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

    > A person shall be entitled to a patent unless –
    >
    > (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

2.  Claims 1, 7, 8, 11, 13, and 17 are rejected under 35 U.S.C. 102(b) as being anticipated by Fitzpatrick et al (2008/0201310), hereinafter Fitzpatrick.

    With respect to claims 1, 13, and 17 Fitzpatrick discloses in paragraph 0051-0052 detecting symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode string to one or more visual detection applications for processing, the one or more visual detection applications residing on a portable electronic device, receiving a first amount of information about the object from the one or more visual detection applications, sending the decode string to a remote server for processing, receiving a second amount of information about the object from the remote server, combining the first amount of information with the second amount of information to obtain cumulative information, and displaying the cumulative information on a display device associated with the portable electronic device.  Specifically, Fitzpatrick teaches in paragraph 0051, scanning a code with a mobile device and partially decoding the code within the mobile device.  Paragraph 0052 discloses scanning a code (155) using a camera phone (156) and converting the resulting image to an MMS format to be sent via short code to a server.  Once the MMS code reaches the server, the image

SYM000079

Application/Control Number: 12/882,616                                                                 Page 3
Art Unit: 2876

information may be enhance, manipulated, and/or otherwise processed (160) so as to aid in determining the appropriate content. After the processing, the determined image content is sent back to the user's camera phone. Also refer to paragraph 0062.

With respect to claim 7, Fitzpatrick teaches in paragraph 0049 detecting the symbology includes detecting the symbology in response to a user initiated trigger of a visual detection device.

With respect to claim 8, Fitzpatrick discloses in paragraph 0054, instructing the one or more visual detection applications and remote server to identify the object associated with the decode string and instructing the one or more visual detection applications and remote server to retrieve information about the object.

With respect to claim 11, Fitzpatrick discloses in paragraph 0079 enabling the user to store the cumulative information.

### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

4.      Claim 2 is rejected under 35 U.S.C. 103(a) as being unpatentable over Fitzpatrick in view of Maatta (2007/0291534).

Fitzpatrick's teachings are discussed above. Fitzpatrick however fails to specifically teach enabling the user to select one or more presets before the symbology is detected.

SYM000080

Application/Control Number: 12/882,616 Page 4
Art Unit: 2876

With respect to claim 2, Maatta teaches in paragraph 0011 the user choosing between portrait or landscape before capturing an image.

In view of Maatta's teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to include the function of enabling a user to select one or more presets before the symbology is detected, which is taught by Maatta, in the method disclosed by Fitzpatrick.  Symbology may be placed on an object in various positions.  Therefore one would be motivated to select either portrait or landscape mode before detecting the symbology in order to best capture the image and decode the coded symbology correctly.

5. Claim 12 is rejected under 35 U.S.C. 103(a) as being unpatentable over Fitzpatrick in view of Postrel (2010/0280896).

Fitzpatrick's teachings are discussed above.  Fitzpatrick however fails to specifically teach providing e-commerce options to allow the user to purchase the object.

With respect to claim 12, Postrel discloses in claims 7 and 39, selecting an item for purchase by scanning with a mobile camera-phone, a barcode associated with a product to obtain a barcode image and transmitting the barcode image to the exchange server.

In view of Postrel's teachings, it would have been obvious to an artisan of ordinary skill in the art at the time the invention was made to include the option of purchasing the advertised product which is taught by Posterl, in the advertising/decoding method disclosed by Fitzpatrick.  Fitzpatrick discloses scanning a

SYM000081

Application/Control Number: 12/882,616 Page 5
Art Unit: 2876

barcode and obtaining advertising information from the scanned code.  One would motivated take that process a step further and enable a user to also purchase the advertised product using the mobile device in order make the purchase of the advertised product more streamlined.

### *Allowable Subject Matter*

6. Claims 3-6, 9, 10, 14-16, and 18-21 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form, including all of the limitations of the base claim and any intervening claims.

The following is an examiner's reason for allowance:  Although Fitzpatrick teaches a method including detecting a symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode sting for processing, receiving a first amount of information about the object from the visual detection application, sending the decode string to a remote server for processing and receiving a second amount of information from the server, combining the first and second amount of information, and displaying the information on a display device, the above identified prior art of record, taken alone, or in combination with any other prior art, fails to teach or fairly suggest the specific features of claims 3-6, 9, 10, 14-16 and 18-21 of the present claimed invention.  Specifically prior art fails to teach, including presets, which include at least one of a selection of one or more visual detection applications to handle scanning operations, a selection of one or more visual detection application to handle image capture operations, a maximum number of applications configured to receive a decode string, an amount of information to be displayed, the type of information to be

SYM000082

Application/Control Number: 12/882,616 Page 6
Art Unit: 2876

displayed, and e-commerce options. Prior art additionally fails to teach wherein one or more visual detection systems are configured to run in the background with respect to other systems associated with the mobile device, wherein the visual detection systems comprise the one or more visual detection applications and one or more visual detection devices and wherein the one or more visual detection devices are configured to detect the symbology associated with the object. Prior art fails to teach the method further including analyzing the decode string to determine a category of the object and selecting one or more appropriate applications to process the decode string when the one or more visual detection applications are not pre-selected. Lastly, prior art fails to teach the computer application wherein the one or more visual detection systems are configured to automatically detect the symbology, wherein the computer application further includes logic adapted to alert the user when an image containing symbology has been detected, logic adapted to ask the user if decoding of the symbology is desired, and logic adapted to receive a reply from the user. The above limitations are not discloses in prior art and moreover, one of ordinary skill in the art would not have been motivated to come to the claimed invention.

## Conclusion

7. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure: Ziotopoulos et al (2010/0280960), Ogilvy (2009/0099961), Schloter et al (2008/0267504), and Kolodzie et al (2007/0126226).

8. Any inquiry concerning this communication or earlier communications from the examiner should be directed to *Allyson N. Trail* whose telephone number is (571) 272-

SYM000083

| Application/Control Number: 12/882,616 | Page 7 |
|---|---|
| Art Unit: 2876 | |

2406. The examiner can normally be reached between the hours of 7:30AM to 4:00PM Monday thru Friday.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Michael G. Lee, can be reached on (571) 272-2398. The fax phone number for this Group is (571) 273-8300.

Communications via Internet e-mail regarding this application, other than those under 35 U.S.C. 132 or which otherwise require a signature, may be used by the applicant and should be addressed to [**allyson.trail@uspto.gov**].

*All Internet e-mail communications will be made of record in the application file. PTO employees do not engage in Internet communications where there exists a possibility that sensitive information could be identified or exchanged unless the record includes a properly signed express waiver of the confidentiality requirements of 35 U.S.C. 122. This is more clearly set forth in the Interim Internet Usage Policy published in the Official Gazette of the Patent and Trademark on February 25, 1997 at 1195 OG 89.*

/Allyson N. Trail/
Allyson N. Trail
Primary Examiner
Art Unit 2876

December 16, 2010