# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

|  |  |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | **Case No. 2:23-cv-473-JRG** |
| **Plaintiff,** | **Jury Trial Demanded** |
| **v.** | |
| **DEXCOM, INC.** | |
| **Defendant.** | |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
## RENEWED RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

## <u>TABLE OF CONTENTS</u>

I.   **There Are Factual Disputes Preventing a Ruling at the Rule 12 Stage** ........................................ 1

II.  **Claim Construction is Required** ............................................................................................ 3

III. **Conclusion** ........................................................................................................................ 4

## <u>TABLE OF AUTHORITIES</u>

*Aatrix Software, Inc. v. Green Shades Software, Inc.,*
   882 F.3d 1121 (Fed. Cir. 2018) ............................................................................ 1

*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009).......................................................................................... 4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 547 (2007).......................................................................................... 4

*Berkheimer v. HP Inc.,*
   881 F.3d 1360, 1368 (Fed. Cir. 2018) .................................................................... 1

*Cellspin Soft, Inc. v. Fitbit, Inc.,*
   927 F.3d 1306, 1319 (Fed. Cir. 2019) .................................................................... 2

*GreatGigz Solutions, LLC v. East Texas Border Health Clinic d/b/a Genesis Primecare,*
   Case No 2:21-cv-00370-JRG, Dkt. No. 29 (June 28, 2022 E.D. Tex.) ................ 4

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.,*
   890 F.3d 995, 999 (Fed. Cir. 2018) ........................................................................ 1

*Microsoft Corp. v. i4i Ltd. P'ship,*
   564 U.S. 91, 100, 131 S.Ct. 2238, 180 L.Ed.2d 131 (2011)................................... 2

Plaintiff Symbology Innovations, LLC ("Plaintiff") files this Sur-Reply to Defendant's Reply In Support of Its Renewed Motion For Judgment on The Pleadings (Dkt. No. 30) ("Reply").

## I.     There Are Factual Disputes Preventing a Ruling at the Rule 12 Stage

Defendant has failed to establish a lack of factual dispute with respect to the allegations of the First Amended Complaint ("FAC") relating to the non-abstract nature of the Asserted Claims and the existence of an inventive concept.  For example, Defendant fails to meet its burden to deny the FAC's factual basis as to "whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field," which is a question of fact that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

At the pleading stage, the Court is required by law not only to accept all factual allegations in the operative complaint as true, but also to draw all reasonable inferences in the patentee's favor. For example, in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, the Federal Circuit acknowledged how factual issues undergird both *Alice* steps. 882 F.3d 1121 (Fed. Cir. 2018).  "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the Plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the Plaintiff's favor." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018).

When the complaint contains concrete allegations regarding the "claimed combination's improvement  to  the functioning of the computer," the asserted patents can survive a Rule 12(b)(6) motion at *Alice* step one. *Aatrix*, 882 F.3d at 1128. When the complaint or counterclaim contains concrete allegations that "individual elements and the claimed combination are not well-understood, routine, or conventional activity," the asserted patent can survive a Rule 12(b)(6) motion at *Alice* step two. *Id.* This applies equally to a Rule 12(c) motion.

Here, the FAC contains specific and plausible statements of fact establishing the non-abstract nature of and the inventive concepts contained in the Asserted Claims. More specifically, the FAC alleges that, as of the Date of Invention in September 2010:

> The system(s) and methods of the Symbology Patents include software and hardware that do not operate in a conventional manner. For example, the software is tailored to provide functionality to perform recited steps and the hardware (e.g., portable electronic device) is configured (and/or programmed) to provide functionality recited throughout the claims of the Symbology Patents.

> *See* Dkt. No. 18 at ¶ 23.

> The features recited in the claims in the Symbology Patents provide improvements to conventional hardware and software systems and methods. The improvements render the claimed inventions of the Symbology Patents non-generic in view of conventional components.

> *Id.* at ¶ 24.

> The features and recitations in the claims of the Symbology Patents are not those that would be well-understood, routine, or conventional to one of ordinary skill in the art at the time of the invention.

> *Id.* at ¶ 25.

The facts as plead are plainly relevant to the non-abstract nature of the Asserted Claims and the presence of inventive concepts captured in the Asserted Claims. These specific factual allegations in the FAC define the state of the art as of the Date of Invention and provide a basis in fact to conclude that the Asserted Claims are indeed patent-eligible.

Dexcom's Reply invites judicial error as this case is similar to the vacated and remanded trial court in *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019). "[P]atents issued by presumptively valid. *Id.* (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 100, 131 S.Ct. 2238, 180 L.Ed.2d 131 (2011)). This presumption reflects the fact that the Patent and Trademark Office has already

examined whether the patent satisfies "the prerequisites for issuance of a patent," including § 101. *Microsoft Corp.* at 95–96, 131 S.Ct. 2238.

While an alleged infringer "may attempt to prove that the patent never should have issued in the first place," *i.e.*, challenge its validity, the alleged infringer must prove that the patent does not satisfy these prerequisites before the patent loses its presumption of validity. *Id.* at 96–97, 131 S.Ct. 2238.

Thus, the Court should deny Defendant's motion to dismiss at the pleading stage.

## II.     Claim Construction is Required

Defendant states, in its Reply, that "the claims are broadly generic and do not contain meaningful limitations that would restrict it to a non-routine, specific application of the abstract idea." *See* Reply at 7. However, in the Parties' Joint Letter Regarding Necessity of Prior Claim Construction to Decide Patent Eligibility under 35 U.S.C. § 101 (Dkt. No. 12-1) ("Joint Letter"), Plaintiff asserted that the following term requires construction prior to the Court ruling on Defendant's Motion: "one or more visual detection applications." *See* Joint Letter at 2.

In the Joint Letter, Plaintiff indicated that during the prosecution of the '773 Patent, the applicant narrowed Claim 1 of the '773 patent via claim amendment in response to an Office Action issued by the USPTO. As a result of applicant's amendment to Claim 1, every claim of the '773 Patent includes the limitation in which the "one or more visual detection applications" are configured to "run in the background," "automatically" decode "symbology" and send the decode string to another "visual detection application" residing on the portable device. *See* Joint Letter at 2.

A construction of this phrase is *directly relevant* to the issue of whether the claims "contain meaningful limitations that would restrict it to a non-routine, specific application of the abstract idea," which is Defendant's "no inventive concept" argument. A proper construction of this phrase is also required to properly evaluate Defendant's "abstract concept" arguments. Indeed, because Defendant's

motion is presented to the Court at the pleading stage, the Court is left with *zero developed record* from which it could possibly assess what was, and what was not, well-understood, routine, and conventional in the art as of September 2010, not to mention a lack of familiarity with the disclosures and the prosecution histories of the Asserted Patents. As discussed above, the prosecution history of the Asserted Patents is particular relevant to the proper construction of the phrase "one or more visual detection applications."

Further, this Court has previously denied a Rule 12(b)(6) motion to dismiss prior to claim construction, even when the defendant offered to adopt plaintiff's proposed claim constructions. *See GreatGigz Solutions, LLC v. East Texas Border Health Clinic d/b/a Genesis Primecare,* Case No 2:21-cv-00370-JRG, Dkt. No. 29 (June 28, 2022 E.D. Tex.) ("the briefing demonstrates that much of the record is left undeveloped, and it is clear that numerous disagreements between the parties concerning the *Alice* analysis impinge on the construction of the disputed terms" . . . "further inquiry into issues such as the knowledge of one of ordinary skill in the art as to the disputed terms may be resolved at claim construction" . . . "the Court is not inclined to hypothetically adopt either party's purported claim constructions to push the case to an earlier resolution while such disputes remain").

### III.    Conclusion

Plaintiff has plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Defendant's Motion cannot overcome the factual assertions in the FAC and the factual assertions derived directly from the written specification of the Asserted Patents. Further, claim construction is required in order to properly evaluate Defendant's "abstract concept" and "no inventive concept" arguments.

Dated:  April 9, 2024                  Respectfully Submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

                  */s/ Randall T. Garteiser*
                  Randall T. Garteiser